UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RENE ORTIZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CRST EXPEDITED, INC., et al.,<br><br>  Defendants. | Case No. 5:24-cv-02605-SP<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.
## **PROCEEDINGS**

On December 6, 2024, defendant CRST Expedited, Inc. removed this action alleging employment discrimination and wage and hour violations to this court. On February 7, 2025, following a scheduling conference, the court issued its Civil Trial Scheduling Order in this matter, which set forth various deadlines leading up to trial set for January 6, 2026.

On August 15, 2025, plaintiff's counsel filed a motion to withdraw in which counsel stated there had been a breakdown in the attorney-client relationship, with plaintiff failing to respond to counsel's attempts to communicate with plaintiff.

1

1  Plaintiff did not respond to counsel's motion to withdraw.  The court granted the
2  motion to withdraw on September 10, 2025, and gave plaintiff 30 days to either:
3  (1) retain counsel, with new counsel then ordered to file a notice of appearance by
4  October 10, 2025; or (2) file a notice by October 10, 2025 that plaintiff intends to
5  represent themself.  Since plaintiff has no address of record with the court, the
6  court ordered plaintiff's relieved counsel to serve a copy of the September 10 order
7  on plaintiff, and ordered plaintiff to provide the court with plaintiff's contact
8  information in any notice of intent to represent themself.  Finally, the September
9  10 order cautioned plaintiff that any failure by either new counsel for plaintiff or
10 plaintiff themself to file a notice of appearance by the October 10 deadline may
11 result in dismissal of this action for failure to prosecute.

12       On September 16, 2025, plaintiff's former counsel filed proof of service of
13 the September 10 order on plaintiff.  But neither plaintiff nor any new counsel for
14 plaintiff filed a notice of appearance by the October 10 deadline or since.
15 Accordingly, on October 31, 2025, the court issued an order to plaintiff to show
16 cause in writing not later than November 14, 2025 why this action should not be
17 dismissed for failure to prosecute ("OSC").  The court stated that plaintiff may
18 discharge the OSC by filing, not later than November 14, 2025, a notice of
19 appearance (by plaintiff pro se or by new counsel for plaintiff) as required by the
20 September 10 order.  The court directed that the OSC be mailed to plaintiff at
21 plaintiff's believed address, but cautioned plaintiff that further orders in the case
22 would only be mailed to the official addresses of record.  Finally, the court warned
23 plaintiff that failure to respond to the OSC by November 14, 2025, or further
24 failure to prosecute this action in accordance with court orders, may result in
25 dismissal of this action for failure to prosecute.

26       Plaintiff did not respond in any fashion to the OSC.  To this date, since
27
28

1  plaintiff's former counsel withdrew, the court has received no communication from
2  plaintiff.

## II.
## DISCUSSION

It is well established that a district court may dismiss a plaintiff's action for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court). But dismissal is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

In determining whether to dismiss a case for failure to prosecute, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In this case, both the first factor (public's interest in expeditious resolution of litigation) and the second factor (the court's need to manage its docket) strongly favor dismissal. In granting plaintiff's counsel motion to withdraw on September 10, 2025, the court gave plaintiff 30 days to either (1) retain new counsel or (2) give notice that plaintiff would be proceeding without counsel in the case and provide the court with plaintiff's address of record and other contact information. Plaintiff failed to abide by the court's September 10 order and did not either retain

new counsel or file notice plaintiff would be proceeding without counsel. Having heard nothing from plaintiff – and lacking even a notice from plaintiff of his contact information – the court gave plaintiff an additional chance by issuing the OSC giving plaintiff until November 14, 2025 to file a notice of appearance of new counsel or notice from plaintiff with plaintiff's contact information stating plaintiff would be proceeding pro se. To date, plaintiff has neither filed a notice of appearance of new counsel or notice that plaintiff would be proceeding pro se, nor has plaintiff responded in any other fashion to the OSC. In fact, since plaintiff's counsel withdrew almost three months ago, plaintiff has not communicated with the court. Plaintiff's conduct indicates he does not intend to prosecute this case diligently, or at all. Plaintiff's noncommunication and noncompliance with the court's orders have "caused [this] action to come to a complete halt, thereby allowing plaintiff[] to control the pace of the docket rather than the Court." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks and citation omitted). Allowing plaintiff to continue to do so would frustrate the public's interest in the expeditious resolution of litigation, as well as the court's need to manage its own docket. *See id.*

     A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Plaintiff has stopped communicating with the court in any fashion, and has not abided by the court's orders. *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay . . . ."). Thus, the third factor also weighs in favor of dismissal.

     It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan*

*Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to comply with the court's orders issued on September 10 and October 31, 2025, and by failing to even notify the court how plaintiff may be reached, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to move this case toward a disposition at a reasonable pace. Thus, even weighing the fourth factor, the balance still tilts in favor of dismissal.

The fifth factor, the availability and consideration of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured[,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). Warning the petitioner that failure to obey a court order will result in dismissal "can itself suffice to meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001).

Here, the court attempted to avoid dismissal by: (1) cautioning plaintiff in its September 10, 2025 order that failure to timely file a notice of appearance of new counsel or intent to proceed pro se may result in dismissal of the action for failure to prosecute; and (2) after plaintiff failed to respond by the October 10 deadline, giving plaintiff another chance by issuing its October 31, 2025 OSC warning plaintiff that failure to timely respond to the OSC may result in dismissal of this action for failure to prosecute. Plaintiff has neither complied with nor responded to either of the court's orders. Nor has plaintiff otherwise communicated with the court. The court notes that the instant action is being dismissed without prejudice,

a significantly less drastic sanction than dismissal with prejudice. since there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the court finds that dismissal of this action is warranted for failure to prosecute.

## III.
## ORDER

IT IS THEREFORE ORDERED that this action is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: December 5, 2025

SHERI PYM
United States Magistrate Judge